| | |
|---|---|
| **M & D Mineral Consultants LLC,**<br>    **Plaintiff**<br><br>v.<br><br>**Wenting Li and Southern Energy, LLC,**<br>    **Defendants.** | **Cause No. 5:12-cv-2082**<br><br>**In the United States District Court**<br>**Western District of Louisiana**<br>**Shreveport Division**<br><br>Judge           _____<br><br>Magistrate    _____<br><br>    **Jury Demand** |

### Plaintiff's Original Complaint with Jury Demand

To the Honorable Judge of Said Court:

Now into Court, through the undersigned counsel, comes plaintiff M&D Mineral Consultants, LLC, complaining of defendants Wenting Li and Southern Energy, LLC, in this diversity-based civil action for damages resulting from defendants' breach of contract. Plaintiff would show in support hereof as follows:

### I. Parties

1. Plaintiff M&D Mineral Consultants, LLC (hereinafter "M&D", is a Texas limited liability company with its principal place of business and domicile in Texas and with its only members, Mark and Denise Chiles, both domiciliaries of Texas.

2. Defendant Wenting Li is a (hereinafter "Li" or collectively with Southern Energy as "defendants") is a natural person and a conditional permanent-resident alien of the full age of majority and domiciled in Caddo Parish in the Western District Louisiana.

3. Defendant Southern Energy, LLC (hereinafter "Southern Energy" or collectively with Li as "defendants") is a Louisiana limited liability company with its headquarters and principal place of business. Its members are co-defendant and manager Wenting Li and Weixin

Zhu both domiciled in Caddo Parish in the Western District of Louisiana. Defendants may be served with process through the LLC's member-manager Wenting Li at 3714 Greenway Place, Shreveport, Louisiana, 71105.

## II. Jurisdiction and Venue

6. Subject matter jurisdiction is specifically conferred upon this Court pursuant to 28 U.S.C. § 1332 as the allegations set forth herein give rise to diversity jurisdiction as the plaintiff and defendants are completely diverse with citizenship in Texas and Louisiana, respectively, and as the amount in controversy exceeds $75,000.

7. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(a)(1), as the judicial district where defendants reside.

## III. Facts

8. M&D provides services to the natural gas industry as a pumper.

9. Southern Energy is the owner and/or operator of natural gas wells in northwest Louisiana.

10. Wenting Li is a member and manager of Southern Energy.

11. For several years, M&D had provided pumper services to Southern Energy, particularly for the Rhodessa Oil & Gas Field in Caddo Parish, Louisiana.

### The Agreement and Obligations

12. On October 27, 2010, M&D and Southern Energy executed a document memorializing the terms the pumper services to be provided by M&D and the compensation to be paid by Southern Energy ("Agreement").

13. The terms of the Agreement between the parties obligated M & D to serve as pumper for the Rhodessa field and obligated Southern Energy to pay M&D $20,000.00 per month for the pumper services for a total contract price of $720,000.00. Pursuant to the Agreement, the parties were bound for a term of thirty-six (36) months running from November 1, 2010 to October 31, 2013.

14. The Agreement also obligated Southern Energy to pay M&D additional compensation for any new wells put into operation by Southern Energy.

15. M&D, relying on the representations made by Southern Energy in the negotiations and in the Agreement, made equipment and materials purchasing decisions, staffing decisions and incurred other costs and forewent other business opportunities that could have and would have been pursued had the parties not obligated themselves on the terms stated in the Agreement.

16. Upon information and belief, there is at least one additional well, the Southern Energy SWD1 which should have generated seven (7) months pumping fees from October 2011 to April 2012 at $870.00 per month for a total of $6,090.00.

**Failure to Perform by Southern Energy**

17. On or about May 7, 2012, with approximately (18) months remaining on Southern Energy's payment obligations under the Agreement, Southern Energy terminated M & D's services citing its desire to "go another direction" at which time it

failed to permit M & D to continue to provide pumper services and failed to continue to pay the required pumper service fees.

18. From the date the Agreement was executed until the date Southern Energy terminated the Agreement, M&D provided regular pumper services satisfying all its obligations under Agreement. Until Southern Energy's unilateral and unjustified termination of the Agreement, Southern Energy had consistently paid M & D pumper services fees in accordance with its obligations under the Agreement.

**Tortious Interference by Wenting Li**

19. The Agreement was terminated at the direction of Wenting Li who at all times relevant to this complaint was a member of the defendant limited liability company and acted with full management authority over the business affairs of Southern Energy, particularly with respect to the termination of the Agreement.

20. Li's had knowledge of the Agreement its unexpired term and intentionally induced, caused and/or directed Southern Energy's breach of the contract without any legal justification.

21. As a result of Southern Energy's breach of the Agreement and Li's tortious interference with the Agreement, M&D suffered losses and profits of which it has been deprived in the amount of at least $360,000.00, the balance remaining on the agreed upon contract price, plus at least an additional $6,090.00 in pumping fees for a total of

$366,090.00 now due and payable to M & D.

22. M&D has demanded payment of the unpaid balance from Southern Energy to no avail.

### IV.    Cause of Action – Breach of Contract

23. Plaintiff reasserts here the allegations of fact in the preceding paragraphs as if set forth here *ver batim*.

24. Plaintiff alleges as its first cause of action – breach of contract. Based on the facts alleged above, defendant Southern Energy is liable to plaintiff for breach of contract.

25. Southern Energy's termination of M & D's services prior to the end of the term of the Agreement coupled with its failure to pay the required monthly pumper services fees amounts to a failure to perform its end of the bargain under the Agreement entitling M&D to recovery of all pumper services fees under the Agreement and for any additional pumper service fees as provided in the Agreement.

### V.  Cause of Action – Tortious Interference with Contract

26. Plaintiff reasserts here the allegations of fact in the preceding paragraphs as if set forth here *ver batim*.

27. Plaintiff alleges as its second cause of action – tortious interference with contract. Based on the facts alleged above, defendant Wenting Li is liable to plaintiff for his tortious interference with the Agreement on proof of (1) the existence of a contract or a legally protected interest between the plaintiff and Southern Energy; (2) Wenting Li, as manager of Southern Energy had knowledge of the contract; (3) Wenting Li's

**M&D Mineral Consultants, LLC v Wenting Li and Southern Energy, LLC**
*Plaintiff's Original Complaint*
 Page 5 of 7

intentional inducement or causation of the corporation to breach the contract or his intentional rendition of its performance impossible or more burdensome; (4) absence of legal justification on the part of Wenting Li; (5) causation of damages to the plaintiff by the breach of contract or difficulty of its performance brought about by the officer.

28.     Accordingly, M&D is entitled to recover all resultant economic damages from Wenting Li for his tortious conduct.

## VIII.  Jury Trial Demand

29.     Plaintiff requests a trial by jury.

## IX.     Damages

30.     As a result of Wenting Li's tortious interference with M&D's contract with Southern Energy and the resultant breach, Li is liable to M & D for all resultant damages.

31.     As a result of Southern Energy's breach of contract, it is liable to M&D for all damages of which M&D has been deprived in the amount of at least $360,000.00, the balance remaining on the agreed upon contract price, plus at least an additional $6,090.00 in pumping fees for a total of at least $366,090.00 now due and payable to M&D.

## X.     Prayer

Wherefore, premises considered, plaintiff asks that defendants be cited to appear and answer and, that plaintiff has judgment against defendants as follows:

a. A judgment in an amount sufficient to compensate plaintiff for the harm and actual damage suffered by plaintiff as direct and proximate result of defendant Wenting Li's tortious interference with contract and other complained of tortious conduct and for any punitive damages warranted by law;

b. A judgment in an amount sufficient to compensate plaintiff for the harm and actual damage suffered by plaintiff as direct and proximate result of defendant Southern Energy, LLC's tortious interference with contract and other complained of tortious conduct and for any punitive damages warranted by law;

c. An award of all pre-judgment interest, costs of suit and attorneys' fees and expenses warranted by law and for all other just and equitable relief to which plaintiff may be entitled.

          Respectfully submitted,

By: _____
Cary A. Hilburn (LA 26656/TX 790881)
Jennifer W. Hilburn (LA 27908/TX 792003)
HILBURN & HILBURN, A.P.L.C.
220 Carroll Street, Bldg. B
Shreveport, Louisiana  71105
Telephone:   (318) 868-8810
Telecopier:   (877) 462-6796
E-mail:        cah@hilburnlaw.com

Attorneys for Plaintiff
M&D Mineral Consultants, LLC