U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

MAR -7 2013

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| M & D MINERAL CONSULTANTS, LLC | CIVIL ACTION NO: 12-2082 |
| VERSUS | JUDGE DONALD E. WALTER |
| WENTING LI AND SOUTHERN ENERGY, LLC | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a Motion to Dismiss [Doc. 7] pursuant to Federal Rule of Civil Procedure 12(b)(6) filed on behalf of Defendants Wenting Li and Southern Energy, LLC ("Defendants"). Plaintiff M & D Consultants, LLC ("M & D") filed a brief in opposition to Defendants' motion. For the following reasons, Defendants' motion to dismiss [Doc. 7] is hereby **GRANTED**. M & D's claims against Wenting Li for intentional interference with contractual relations, punitive damages and attorneys' fees, and claims against Southern Energy for punitive damages and attorneys' fees are hereby **DISMISSED WITHOUT PREJUDICE**. M & D retains the right to proceed with its breach of contract claim against Southern Energy.

### I. BACKGROUND

On October 27, 2010, M & D and Southern Energy executed a pumping services contract that obligated M & D to serve as a pumper for an oil field in exchange for $20,000.00 per month, with a 36-month term. Additionally, the contract required Southern Energy to pay M & D additional compensation for any new wells put into operation by Southern Energy.

M & D filed this breach of contract action against Southern Energy on August 3, 2012 for

1

terminating the contract approximately 18 months early, citing its desire to "go another direction." M & D also named Wenting Li, a manager of Southern Energy LLC, as a defendant under the theory that Li intentionally interfered with the contract between M & D and Southern Energy. In addition to M & D's claims for breach of contract and tortious interference with contractual relations, M & D's prayer for relief includes claims for punitive damages and attorneys' fees against both Wenting Li and Southern Energy.

Defendants filed this motion to dismiss M & D's claim for tortious interference against Wenting Li and its claims for punitive damages and attorneys' fees against both defendants, alleging that these claims are not supported by Louisiana law or the written contract between the parties. M & D does not oppose Defendants' motion insofar as it seeks dismissal of the claims for punitive damages and attorneys' fees. Accordingly, Defendants' motion is **GRANTED** as to those claims. M & D does oppose, however, Defendants' motion as to its claims for tortious interference.

## II. LAW AND ANALYSIS

Under Federal Rule of Civil Procedure 12(b)(6) a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." A pleading will survive a Rule 12(b)(6) motion to dismiss if it alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must accept all of the plaintiff's allegations as true. *Twombly*, 550 U.S. at 550. However, the plaintiff's pleading must contain more than a "formulaic recitation of the elements of a cause of action." *Id.* at 555. "Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

### A. *Tortious Interference With a Contract in Louisiana*

Defendants' motion to dismiss raises the issue of whether a manager of a limited liability company can be held liable for intentional interference with contractual relations under Louisiana law. They argue that Louisiana law does not provide M & D a cause of action under the facts plead. M & D contends that the Louisiana Supreme Court's reasoning in *9 to 5 Fashions, Inc. v. Spurney*, 538 So. 2d 228 (La. 1989), applies to the facts of this case, and therefore that Louisiana law does provide a cause of action for tortious interference with contractual relations against a manager of a limited liability company.

In *9 to 5 Fashions, Inc. v. Spurney*, 538 So. 2d 228 (La. 1989), the Louisiana Supreme Court recognized a narrow claim for intentional interference with contractual relations for the first time. The court began its analysis in *9 to 5 Fashions* with a discussion of "fault" as contemplated by Louisiana Civil Code article 2315: "The framers conceived of fault as a breach of a preexisting obligation for which the law orders reparation, when it causes damage to another, and they left it to the courts to determine in each case the existence of an anterior obligation which would make an act constitute fault." *Id.* at 231 (citing 2 M. Planiol, Treatise on the Civil Law, Part 1, §§ 863–65 (1959)). Under this premise, the Louisiana Supreme Court concluded that

> an officer of a corporation owes an obligation to a third person having a contractual relationship with the corporation to refrain from acts intentionally causing the company to breach the contract or to make performance more burdensome, difficult, or impossible or of less value to the one entitled to performance, unless the officer has reasonable justification for his conduct.

3

*Id.* at 231. The court noted that, because a corporate officer's freedom of action should remain unconstrained by the fear of personal liability, an officer's liability must be limited to intentional conduct outside the scope of its authority. *Id.* The officer's immunity, however, "should be limited by the purpose for which it is granted, i.e., to allow him to fully perform his fiduciary duty as authorized by his corporation." *Id.*

Although the court clearly overruled prior cases holding that interference with a contract was not actionable in Louisiana, it did not provide guidance as to how courts should apply its holding to different facts, if it should be applied in that manner at all. In an oft-quoted section of the *9 to 5 Fashions* opinion, the state supreme court cautioned:

> It is not our intention, however, to adopt whole and undigested the fully expanded common law doctrine of interference with contract, consisting of "a rather broad and undefined tort in which no specific conduct is proscribed and in which liability turns on the purpose for which the defendant acts, with the indistinct notion that the purposes must be considered improper in some undefined way." Some aspects of this tort have been subjected to serious criticisms, leaving open a good many questions about the basis of liability and defense, the types of contract or relationship to be protected, and the kinds of interference that will be actionable. In the present case we recognize, as set forth particularly herein, only a corporate officer's duty to refrain from intentional and unjustified interference with the contractual relation between his employer and a third person.

*Id.* at 234. Accordingly, courts—especially federal courts—generally limit *9 to 5* to its facts. *See Am. Favorite Chicken Co. v. Cajun Enterprises, Inc.*, 130 F.3d 180, 184 (5th Cir. 1997) (cumulating cases).

Finally, the Louisiana Supreme Court set forth a list of elements for the newly-defined cause of action for intentional interference with contractual relations. A plaintiff alleging intentional interference must prove that (1) a contract existed between the plaintiff and the corporation; (2) the corporate officer knew of the contract; (3) the officer intentionally induced or caused the corporation

to breach the contract; (4) the officer's actions were not justified; and (5) the breach of contract damaged the plaintiff. *9 to 5 Fashions, Inc.*, 538 So. 2d at 234.

### B. M & D's Claim against Wenting Li

The issue in this case is whether M & D can obtain relief against Wenting Li, the manager of Southern Energy, L.L.C., for intentional interference with contractual relations. This appears to be a question of first impression under Louisiana law, as neither the parties nor this Court have found a case addressing this situation. Accordingly, this diversity Court must take notice of certain rules:

> When presented with an unsettled point of state law, our role under *Erie R.R. Co. v. Thompkins*, 304 U.S. 64 (1938) is to determine how the [Louisiana] Supreme Court would resolve the issue if presented to it. In addition, when making an *Erie*-guess in the absence of explicit guidance from the state courts, we must attempt to predict state law, not to create or modify it. We are not free to fashion new theories of recovery under Louisiana law."

*Am. Waste & Pollution Control Co.*, 949 F.2d at 1386 (internal citations omitted).

In *9 to 5 Fashions*, the state supreme court concluded that, under Civil Code article 2315, an officer of a corporation owes an obligation to third persons who contract with corporation to refrain from intentionally interfering with that contract, unless the interference was justified. *9 to 5 Fashions, Inc.*, 538 So. 2d at 231. Courts have frequently held that a plaintiff in an intentional interference with contract claim must identify a duty that the alleged tortfeasor owed to the plaintiff. *See, e.g., Petrohawk Prop., L.P. v. Chesapeake La., L.P.*, 689 F.3d 380, 395–96 (5th Cir. 2012) (citing *Neel v. Citrus Lands of La., Inc.*, 629 So. 2d 1299, 1301 (La. Ct. App. 1993)). M & D reasons that a claim for intentional interference against Wenting Li is appropriate because, as a manager of a limited liability company, Wenting Li had the same duties, relationships, and liabilities to his company as an officer would to a corporation. [Doc. 9 at 3–4]. While M & D is correct in

noting that a manager of an LLC owes the same duty to the company under La. R.S. 12:1314 that a corporate officer owes to the corporation under La. R.S. 12:226, the duty the alleged tortfeasor owes to his employer is not the duty at issue. Although the Louisiana Supreme Court discussed the duties a corporate officer owes under La. R.S. 12:226, these duties were relevant only to the court's reasons for limiting an officer's liability to intentional, unjustified interference with contractual relations. The fiduciary duties owed to the corporation itself were not, as this Court understands it, the basis for finding that an officer owes a duty to a third person. Rather, the court appears simply to have concluded that the officer's duty to a third person contracting with the corporation is consistent with Louisiana tort law principles. *See 9 to 5 Fashions, Inc.*, 538 So. 2d at 232 ("[W]e conclude that, in light of modern empirical considerations and the objectives of delictual law, an officer of a corporation owes an obligation to a third person having a contractual relationship with the corporation...."). Accordingly, that a manager and an officer owe identical duties to their respective business entities does not support a conclusion under *9 to 5* that a manager owes a duty to a third person who contracts with his limited liability company.

In *9 to 5*, the court recognized "only a corporate officer's duty to refrain from intentional and unjustified interference with the contractual relation between his employer and a third person." *9 to 5 Fashions, Inc.*, 538 So. 2d at 234. Nothing in M & D's brief or in the jurisprudence expounding upon *9 to 5* lead this Court to believe that it should—or even could—expand the scope of Louisiana's cause of action for intentional interference with contractual relations to impose liability on a manager of an LLC. Although this Court understands and appreciates the analogy drawn between a manager of an LLC and a corporate officer, the present claim does not fall within the ambit of the narrowly drawn delictual action recognized in *9 to 5*. This Court is of the opinion that

6

any expansion of Louisiana's tortious interference law is a task properly contemplated by the state supreme court rather than this Court sitting in diversity.

### III. CONCLUSION

For the reasons stated above, Defendants' motion to dismiss [Doc. 7] is hereby **GRANTED**. M & D's claims against Wenting Li for intentional interference with contractual relations, punitive damages and attorneys' fees, and claims against Southern Energy for punitive damages and attorneys' fees are hereby **DISMISSED WITHOUT PREJUDICE**. M & D retains the right to proceed with its breach of contract claim against Southern Energy.

**THUS DONE AND SIGNED**, this 7 day of March, 2013.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE