RECEIVED
NOV 20 2013
CLERK
W. LOUISIANA
LOUISIANA
BY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| M & D MINERAL CONSULTANTS, LLC | CIVIL ACTION NO: 12-2082 |
| VERSUS | JUDGE DONALD E. WALTER |
| SOUTHERN ENERGY, LLC, ET AL | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a Motion to Dismiss [Doc. 23] pursuant to Federal Rule of Civil Procedure 12(b)(6) filed on behalf of Third Party Defendants Charles Neupert ("Neupert") and Neupert & Associates, LLC ("N & A"). Having reviewed the motion, the submissions of the parties, the third party demand, and the applicable law, the motion to dismiss is hereby **DENIED**.

## I. BACKGROUND

This case arises out of a contractual dispute between M & D Mineral Consultants, LLC ("M & D") and Southern Energy, LLC ("Southern Energy"). On October 27, 2010, M & D and Southern Energy executed a pumping services contract that obligated M & D to serve as a pumper for an oil field in exchange for $20,000.00 per month, with a 36-month term.[1] Additionally, the contract required Southern Energy to pay M & D additional compensation for any new wells put into operation by Southern Energy.

M & D filed a breach of contract action against Southern Energy on August 3, 2012 for terminating the contract approximately 18 months early, citing its desire to "go another direction."

---

[1] Doc. 1.

1

M & D also named Wenting Li ("Li"), member/owner of Southern Energy, as a defendant under the theory that Li intentionally interfered with the contract between M & D and Southern Energy.[2]

On January 22, 2013, Southern Energy and Li filed an answer to the complaint and a third party demand against Neupert and N & A and Joseph Carl David ("David").[3] In the answer to the complaint and third party demand, Li alleges that David, an employee of Southern Energy, forged Li's signature on the disputed document and did so without proper authority. Li further argues that Neupert, acting as an attorney for Southern Energy, breached duties owed to Southern Energy as an attorney and as a notary; Li argues that Neupert's law firm, N & A, is also liable.[4] Put simply, Southern Energy argues that Neupert prepared and notarized the disputed document at issue in this case. Accordingly, Southern Energy and Li contend that the contract upon which M & D's claim is based contains the forged signature of Li and therefore is not binding.[5]

On May 13, 2013, Neupert and N & A filed the motion to dismiss that is now before this Court. [Doc. 23]. Southern Energy opposes this motion. [Doc. 30].

## II. STANDARD OF LAW

Neupert and N & A filed this motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). [Doc. 23]. Specifically, Neupert and N & A argue that the third party demand fails to plead sufficient facts to establish that Neupert and N & A breached the duty to conform their conduct to a specific standard. *Id.* at ¶ 4. Moreover, the motion argues that Southern Energy and Li's allegations

---

[2] *Id.*

[3] Doc. 10. *See also* Doc. 41 which clarified David's name in this case.

[4] Doc. 10.

[5] *Id.* at ¶ 17.

are vague and conclusory regarding duty and breach. *Id.* at ¶ 6.

Under Federal Rule of Civil Procedure 12(b)(6) a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." A pleading will survive a Rule 12(b)(6) motion to dismiss if it alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must accept all of the plaintiff's allegations as true. *Twombly*, 550 U.S. at 555. However, the plaintiff's pleading must contain more than a "formulaic recitation of the elements of a cause of action." *Id.*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

### III. DISCUSSION

After reviewing Southern Energy and Li's third party demand, this Court finds that Southern Energy and Li have pled sufficient facts to state a claim to relief that is plausible on its face that Neupert and N & A may be liable for a breach of duties owed by a notary public and/or attorney. Paragraph 17 of the third party demand specifically alleges that "Charles Neupert, in his capacity as attorney for Southern Energy and the notary that notarized the disputed agreement" is liable for the allegedly forged document. Paragraph 19 of the third party demand later states, "Neupert and his company are liable unto Southern Energy and Li for such damages for breach of his duty as attorney and notary." Quite clearly, the third party demand contains "enough facts to state a claim to relief

that is plausible on its face" to satisfy the *Twombly* standard. *See Twombly*, 550 U.S. 544, 570. At a minimum, Southern Energy and Li have pled enough factual content to allow this Court to draw the reasonable inference that the Neupert and N & A are liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678.

Louisiana courts have long held that a notary is liable both for deliberate misfeasance in the course of his official duties and for negligence in performing those duties. *See Collins v. Collins*, 629 So.2d 1274, 1276 (La.App. 5th Cir.1993), *writ denied*, 94–0422 (La.4/4/94), 635 So.2d 1110. In a similar vein, notaries have been found liable to persons who have been defrauded of their money as a consequence of their reliance upon the genuineness of any document executed by a notary public. *See Summers Bros., Inc. v. Brewer*, 420 So.2d 197, 204 (La.App. 1st Cir.1982). Other Louisiana courts have held that a notary's misrepresentation, silence, inaction or suppression of the truth, including that the notarized documents were forged, constitutes fraud. *See Lacour v. National Surety Co. of New York*, 147 La. 586, 592, 85 So. 600, 602 (La.1920); *Rochereau v. Jones*, 29 La. Ann. 82 (1877).

At this stage in the proceedings this Court must only determine, when viewing the well-pleaded facts as true and in a light most favorable to Southern Energy and Li, whether the claims meet the minimal threshold of plausibility. With this standard in mind, the Court finds that Southern Energy and Li have sufficiently pled a claim against Neupert and N & A. Whether Southern Energy and Li will ultimately be able to offer sufficient proof to support the claims is a matter the Court may more fully address within the context of a motion for summary judgment or a trial on the merits.

## IV. CONCLUSION

For the reasons stated above, Neupert and N & A's motion to dismiss under Rule 12(b)(6) [Doc. 23] is hereby **DENIED**.

**THUS DONE AND SIGNED**, this 20th day of November, 2013.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE